# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RIGHTQUESTION, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> AT&T INC., AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC and AT&T SERVICES, INC., <br><br> *Defendants*. | Civil Action No. 2:24-cv-00094-JRG <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants AT&T Corp., AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services, Inc. (collectively, "Defendants" or "AT&T") files this Answer to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff RightQuestion, LLC's ("RightQuestion" or "Plaintiff") (Dkt. 1; Case No. 2:24-cv-00094-JRG).[1] Except as hereinafter specifically admitted, qualified, or affirmatively alleged, AT&T denies each and every allegation, matter, or thing contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

## NATURE OF THE CASE

1. AT&T admits that the Complaint purports to assert causes of action for patent

---

[1] On April 19, 2024, Plaintiff filed a notice of voluntary dismissal without prejudice of AT&T Inc. from this lawsuit. *See* Dkt. 15. As such, as used herein, the terms "AT&T" and "Defendants" do not include AT&T Inc. For the sake of clarity, AT&T Inc. denies that they have engaged in any acts of infringement.

infringement of U.S. Patent Nos. 10,674,009 (the "'009 Patent"), 11,005,989 (the "'989 Patent"), and 11,856,132 (the "'132 Patent") (collectively, the "Patents-in-Suit"), arising under Title 35 of the United States Code § 1 *et seq.* AT&T denies that it has committed any act of infringement of the Patents-in-Suit and that Plaintiff is entitled to any relief. AT&T is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 1 and therefore denies them.

2.    AT&T denies that it has committed any act of infringement of the Patents-in-Suit and that Plaintiff is entitled to any relief. AT&T is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies them.

## BACKGROUND

3.    AT&T states that the website referenced in Paragraph 3 speaks for itself. AT&T is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 and therefore denies them.

4.    AT&T is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and therefore denies them.

5.    AT&T states that the website referenced in Paragraph 5 speaks for itself. AT&T is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 and therefore denies them.

6.    AT&T denies the allegations in Paragraph 6 of the Complaint.

## THE PARTIES

7.    AT&T is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore denies them.

8. Plaintiff has filed a notice of voluntary dismissal without prejudice of AT&T Inc. from this lawsuit. To the extent an answer is required, AT&T admits that AT&T Inc. is a Delaware corporation, registered to do business in Texas, and may be served with process through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201 as its agent for service of process. Except as expressly admitted, denied.

9. AT&T Corp. admits that it is a New York corporation, registered to do business in Texas, and may be served with process through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201 as its agent for service of process. AT&T further admits that AT&T Corp. is a direct or indirect subsidiary of AT&T Inc.

10. AT&T Mobility LLC admits that it is a Delaware limited liability company, registered to do business in Texas, and may be served with process through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201 as its agent for service of process. AT&T further admits that AT&T Mobility LLC is a direct or indirect subsidiary of AT&T Inc.

11. AT&T admits that AT&T Mobility II LLC is a Delaware corporation having a principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319. AT&T Mobility II admits that it may be served through its registered agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. AT&T admits that AT&T Inc. is the direct or indirect parent corporation of AT&T Mobility II LLC. Except as expressly admitted, denied.

12. AT&T Services, Inc. admits that it is a Delaware corporation, registered to do business in Texas, and may be served with process through its registered agent CT Corporation

System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201 as its agent for service of process.. AT&T further admits that AT&T Services, Inc. is a direct or indirect subsidiary of AT&T Inc.

## JURISDICTION AND VENUE

13. No response is required to Plaintiff's reference and incorporation of paragraphs 1-12 above. To the extent a response is deemed required, AT&T repeats and incorporates by reference, as if fully set forth herein, the answers to paragraphs 1-12, as set forth above.

14. Paragraph 14 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, AT&T denies the allegations of Paragraph 14.

15. Paragraph 15 of the Complaint set forth legal conclusions to which no response is required. For purposes of this action only, AT&T does not contest personal jurisdiction in this Court.

16. AT&T does not contest personal jurisdiction in this District solely for purposes of this action only. AT&T is unable to fully respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, AT&T denies the remaining allegations of paragraph 16, and specifically that AT&T has committed any act of infringement of the Patents-in-Suit.

17. AT&T does not contest venue in this District solely for purposes of this action only. AT&T reserves the right to assert that a change of venue under 28 U.S.C. § 1404(a) is appropriate. AT&T denies that it has committed acts of infringement of the Patents-in-Suit in this District or in any other judicial district in the United States. AT&T denies any remaining allegations of this paragraph.

18. AT&T admits that one or more wireless telecommunications networks in the United States have been used to provide wireless telecommunications services including within the

Eastern District of Texas under the brand name "AT&T" and "Cricket Wireless." AT&T denies any remaining allegations of Paragraph 18.

19.   AT&T admits that one or more wireless telecommunications networks in the United States have been advertised as providing coverage within the Eastern District of Texas under the brand name "AT&T." AT&T states that the website referenced in Paragraph 19 speaks for itself. AT&T is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 and therefore denies them.

20.   AT&T admits that certain retail stores operating under the brand name "AT&T" are located in the Eastern District of Texas. AT&T denies the allegation that these stores sell "services for the AT&T Networks that infringe the Patents-in-Suit." The allegations in Paragraph 20 regarding alleged "regular and established places of business" contain legal conclusions to which no response is required. AT&T admits that the website referenced in Paragraph 20 speaks for itself. AT&T denies any remaining allegations of Paragraph 20 including specifically that the locations identified in Paragraph 20 are all Defendants' (collectively as alleged) "places of business of AT&T."

21.   AT&T admits that the website referenced in Paragraph 21 speaks for itself. To the extent that the allegations of Paragraph 21 of the Compliant set forth legal conclusions, no response is required.  AT&T admits that retail stores operating under the brand name "AT&T" are located in this District.  AT&T denies any remaining allegations of Paragraph 21 including specifically that the locations identified in Paragraph 21 are all Defendants' (collectively as alleged).

22.   AT&T admits that there is an AT&T Foundry in Plano, Texas and states that the website referenced in Paragraph 22 speaks for itself.  The remainder of the allegations in Paragraph 22 regarding alleged "regular and established places of business" otherwise contain legal

conclusions to which no response is required. AT&T further denies any remaining allegations of Paragraph 22 including specifically that the AT&T Foundry is a "regular and established place of business" for all Defendants (collectively as alleged).

23. AT&T admits that there is an AT&T 5G Innovation Studio in Plano, Texas and state that the website referenced in Paragraph 23 speaks for itself. AT&T denies that it "uses the AT&T 5G Innovation Studio to design, test, use, promote, and sell services for the AT&T Networks that infringe the Patents-in-Suit." The remainder of the allegations in Paragraph 23 regarding alleged "regular and established place of business" otherwise contain legal conclusions to which no response is required. AT&T further denies any remaining allegations of Paragraph 23 including specifically that the AT&T 5G Innovation Studio is a "regular and established place of business" for all Defendants (collectively as alleged).

24. AT&T states that the website referenced in Paragraph 24 speaks for itself. AT&T admits that one or more of the Defendants have employees who work in Texas and within the Eastern District of Texas. AT&T admits that certain retail stores operating under the brand name "AT&T" are located in the Eastern District of Texas. AT&T admits that a corporate headquarters is in Dallas, Texas. AT&T denies any remaining allegations of Paragraph 24.

25. AT&T admits that one or more of the Defendants conduct business within the Eastern District of Texas. AT&T denies any remaining allegations of Paragraph 25 including specifically that all Defendants (collectively as alleged) conduct business that is "directly related to AT&T's infringement of the Patents-In-Suit."

26. To the extent that the allegations of Paragraph 26 of the Complaint set forth legal conclusions, no response is required. AT&T admits that one or more of the Defendants in cases cited in Paragraph 26 have either admitted or not contested that this District is a proper venue for

patent infringement actions against them. AT&T denies any remaining allegations in Paragraph 26.

27.  AT&T denies the allegations of Paragraph 27 of the Complaint.

## PATENTS-IN-SUIT

### U.S. Patent No. 10,674,009

28.  AT&T admits that a document purporting to be a copy of U.S. Patent No. 10,674,009 (the "'009 Patent"), entitled "Validating Automatic Number Identification Data", was filed as Exhibit 1 to the Complaint and that the face of the '009 Patent bears an issue date of June 2, 2020. AT&T denies any remaining allegations of Paragraph 28.

29.  AT&T is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 and therefore denies them.

30.  AT&T denies the allegations of Paragraph 30 of the Complaint.

### U.S. Patent No. 11,005,989

31.  AT&T admits that a document purporting to be a copy of U.S. Patent No. 11,005,989 (the "'989 Patent"), entitled "Validating Automatic Number Identification Data", was filed as Exhibit 2 to the Complaint and that the face of the '989 Patent bears an issue date of May 11, 2021. AT&T denies any remaining allegations of Paragraph 31.

32.  AT&T is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and therefore denies them.

33.  AT&T denies the allegations of Paragraph 33 of the Complaint.

### U.S. Patent No. 11,856,132

34.  AT&T admits that a document purporting to be a copy of U.S. Patent No. 11,856,132 (the "'132 Patent"), entitled "Validating Automatic Number Identification Data", was

filed as Exhibit 3 to the Complaint and that the face of the '132 Patent bears an issue date of December 26, 2023. AT&T denies any remaining allegations of Paragraph 34.

35. AT&T is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and therefore denies them.

36. AT&T denies the allegations of Paragraph 36 of the Complaint.

## COUNT I

### *Infringement of U.S. Patent No. 10,674,009*

37. No response is required to Plaintiff's reference and incorporation of paragraphs 1-36 above. To the extent a response is deemed required, AT&T repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-36, as set forth above.

38. AT&T denies the allegations of Paragraph 38 of the Complaint

39. AT&T states that the website referenced in Paragraph 39 speaks for itself. To the extent that any further response is necessary, AT&T denies the allegations of Paragraph 39.

40. AT&T admits that Exhibit 4 of the Complaint purports to be a claim chart. To the extent that the allegations of Paragraph 40 of the Complaint set forth legal conclusions, no response is required. To the extent that any response is necessary, AT&T denies the allegations of Paragraph 40 including specifically that AT&T has committed any act of infringement of the Patents-in-Suit.

41. AT&T denies the allegations in Paragraph 41 of the Complaint.

42. AT&T denies the allegations in Paragraph 42 of the Complaint.

43. AT&T denies the allegations in Paragraph 43 of the Complaint.

44. AT&T denies the allegations in Paragraph 44 of the Complaint.

45. AT&T denies the allegations in Paragraph 45 of the Complaint.

46. AT&T denies the allegations in Paragraph 46 of the Complaint.

47. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and therefore denies them.

48. AT&T states that the website referenced in Paragraph 48 speaks for itself. To the extent that the allegations of Paragraph 48 of the Complaint set forth legal conclusions, no response is required. To the extent that any further response is necessary, AT&T denies the allegations of Paragraph 48.

## COUNT II

### Infringement of U.S. Patent No. 11,005,989

49. No response is required to Plaintiff's reference and incorporation of paragraphs 1-48 above. To the extent a response is deemed required, AT&T repeats and incorporates by reference, as if fully set forth herein, their answers to paragraphs 1-48, as set forth above.

50. AT&T denies the allegations of Paragraph 50 of the Complaint

51. AT&T states that the website referenced in Paragraph 51 speaks for itself. To the extent that any further response is necessary, AT&T denies the allegations of Paragraph 51.

52. AT&T admits that Exhibit 5 of the Complaint purports to be a claim chart. To the extent that the allegations of Paragraph 52 of the Complaint set forth legal conclusions, no response is required. To the extent that any response is necessary, AT&T denies the allegations of Paragraph 52 including specifically that AT&T has committed any act of infringement of the Patents-in-Suit.

53. AT&T denies the allegations in Paragraph 53 of the Complaint.

54. AT&T denies the allegations in Paragraph 54 of the Complaint.

55. AT&T denies the allegations in Paragraph 55 of the Complaint.

56. AT&T denies the allegations in Paragraph 56 of the Complaint.

57. AT&T denies the allegations in Paragraph 57 of the Complaint.

58. AT&T denies the allegations in Paragraph 58 of the Complaint.

59. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and therefore denies them.

60. AT&T states that the website referenced in Paragraph 60 speaks for itself. To the extent that the allegations of Paragraph 60 of the Complaint set forth legal conclusions, no response is required. To the extent that any further response is necessary, AT&T denies the allegations of Paragraph 60.

## COUNT III

### *Infringement of U.S. Patent No. 11,856,132*

61. No response is required to Plaintiff's reference and incorporation of paragraphs 1-60 above. To the extent a response is deemed required, AT&T repeats and incorporates by reference, as if fully set forth herein, their answers to paragraphs 1-60, as set forth above.

62. AT&T denies the allegations of Paragraph 62 of the Complaint

63. AT&T states that the website referenced in Paragraph 63 speaks for itself. To the extent that any response is necessary, AT&T denies the allegations of Paragraph 63.

64. AT&T admits that Exhibit 6 of the Complaint purports to be a claim chart. To the extent that the allegations of Paragraph 64 of the Complaint set forth legal conclusions, no response is required. To the extent that any response is necessary, AT&T denies the allegations of Paragraph 64 including specifically that AT&T has committed any act of infringement of the Patents-in-Suit.

65. AT&T denies the allegations in Paragraph 65 of the Complaint.

66. AT&T denies the allegations in Paragraph 66 of the Complaint.

67. AT&T denies the allegations in Paragraph 67 of the Complaint.

68. AT&T denies the allegations in Paragraph 68 of the Complaint.

69. AT&T denies the allegations in Paragraph 69 of the Complaint.

70. AT&T denies the allegations in Paragraph 70 of the Complaint.

71. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, and therefore denies them.

72. AT&T states that the website referenced in Paragraph 72 speaks for itself. To the extent that the allegations of Paragraph 72 of the Complaint set forth legal conclusions, no response is required. To the extent that any response is necessary, AT&T denies the allegations of Paragraph 72.

## PRAYER FOR RELIEF

These Paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. AT&T denies that Plaintiff is entitled to any relief and specifically denies all the allegations and prayers for relief contained in Paragraphs (a) through (f) of Plaintiff's Prayer for Relief.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, AT&T deny any remaining allegations in Plaintiff's Complaint.

## DEFENSES

Subject to the responses above, AT&T alleges and asserts the following defenses in response to the allegations, including affirmative defenses, without admitting or acknowledging that AT&T bears the burden of proof as to any of them or that any must be pleaded as defenses. AT&T specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
## (No Infringement)

1. AT&T does not infringe any valid and enforceable claim of the Patents-in-Suit, in any manner including under any section of 35 U.S.C. § 271, willfully or otherwise, either alone or jointly with any other entity. AT&T has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Plaintiff.

2. AT&T does not indirectly infringe any asserted claim and, in particular, does not induce any third party to perform all of the required steps of any asserted method claims while using any of the accused products.

3. AT&T has not infringed and does not infringe either literally or by the doctrine of equivalents.

4. AT&T does not supply any substantial component that substantially contributes to infringement of any valid claim.

## SECOND DEFENSE
## (Invalidity)

5. The asserted claims of the Patents-in-Suit are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, each claim is invalid in view of the references cited by the Examiner and arguments made by the Applicant during prosecution of the applications that issued as the Patents-in-Suit.

## THIRD DEFENSE
## (Notice, Damages, and Costs)

6. Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 286 or 287. To the extent Plaintiff or its licensees have failed to comply with the marking and notice

requirements of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part, for any damages arising from AT&T's alleged infringement prior to at least the date of the filing of the Complaint or otherwise limited by 35 U.S.C. § 286.

7. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## FOURTH DEFENSE
### (Estoppel, License, and/or Exhaustion)

8. Plaintiff's claims of infringement against AT&T regarding the Patents-In-Suit are barred, and the patents are unenforceable against AT&T, due to the doctrines of license, waiver, and/or exhaustion. Upon information and belief, the Patents-In-Suit were conceived and/or reduced to practice at a time when the sole inventor was employed by one or more of AT&T's components suppliers. To the extent the inventor of the Patents-in-Suit was obligated to assign intellectual property, such as the Patents-in-Suit, as part of an employment agreement and/or corporate acquisition, Plaintiff's claims of infringement are barred against AT&T. Furthermore, to the extent that Plaintiff licensed the Patents-in-Suit to a component supplier of AT&T and the benefits of that license flow to the supplier's customers, Plaintiff's claims of infringement are barred against AT&T. Finally, to the extent that Patents-in-Suit are found to be essential to the practice of an Internet Engineering Task Force standard and subject to a fair, reasonable and non-discriminatory license obligation, Plaintiff is estopped and barred from seeking damages in excess of a reasonable royalty that complies with that conforms with Plaintiff's fair, reasonable and non-discriminatory licensing obligation.

## FIFTH DEFENSE
### (Failure To State A Claim)

9. The Complaint fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE
### (Prosecution History Estoppel)

10. Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Patents-In-Suit before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

## SEVENTH DEFENSE
### (Intervening Rights)

11. To the extent Plaintiff's claims in the Patents-in-Suit do not claim priority to the provisional application, Plaintiff's claims against AT&T are barred in whole or in part by the doctrine of intervening rights including both absolute and equitable intervening rights.

## EIGHTH DEFENSE
### (Section 1498)

12. Plaintiff's claims are barred by 28 U.S.C. § 1498 because the infringement allegations concern the use of the alleged inventions of the Patents-In-Suit by or for the government of the United States, with the government's authorization and/or consent.

13. § 1498 not only allows the United States government to forcibly license patented inventions during times of need, but also provides immunity to private parties from infringement claims where that party is working, expressly or implicitly, on behalf of the U.S. government.

14. For § 1498 immunity to apply to a private party, the private party's alleged infringement must be: (1) for the benefit of the government; and (2) with the government's authorization and/or consent.

15. STIR/SHAKEN, short for Secure Telephone Identity Revisited/Signature-based Handling of Asserted information using tokens, is a government-mandated technology framework designed to reduce caller ID spoofing and/or prevent robocalls.

16. In 2016, following a major issue concerning the increase in robocalls, the FCC created the "Robocall Strike Force." On August 19, 2016, the FCC convened the first meeting of the Robocall Strike Force to develop comprehensive solutions to prevent, detect, and filter unwanted robocalls. *See e.g.*, https://www.fcc.gov/news-events/events/2016/08/first-meeting-industry-led-robocall-strike-force (last visited April 11, 2024). At the time, robocalls and telemarketing calls were the number one source of consumer complaints received by the FCC, so the FCC sought to compel telecommunications companies to take steps to reduce complaints for the FCC. The Robocall Strike Force consisted of members from across the entire communications ecosystem including carriers, device makers, OS developers, network designers, regulators, and lawmakers.

17. On October 26, 2016, the Industry Robocall Strike Force issued a report describing progress made during the first sixty days and outlining a process for continuing the work necessary to develop an industry solution to the robocall problem. On April 28, 2017, the Robocall Strike Force issued an additional report that outlined development of the STIR/SHAKEN framework. *See e.g.*, https://transition.fcc.gov/cgb/Robocall-Strike-Force-Final-Report.pdf (last visited April 11, 2024).

18. Following recommendations and directions by the FCC-initiated Robocall Strike Force, industry technologists from the Internet Engineering Task Force (IETF) and the Alliance for Telecommunications Industry Solutions (ATIS) developed standards for the authentication and verification of caller ID information for calls carried over an IP network using the Session Initiation Protocol (SIP). The IETF formed the Secure Telephony Identity Revisited (STIR) working group, which has produced several protocols for authenticating caller ID information. ATIS, together with the SIP Forum, produced the Signature-based Handling of Asserted

15

information using toKENs (SHAKEN) specification which standardizes how the protocols produced by STIR are implemented across the industry. Together, these technical standards comprised the "STIR/SHAKEN" framework for caller ID authentication.

19. At the same time, Congress took steps to compel telecommunications companies to take steps to prevent robocalling. President Trump signed the Pallone-Thune Telephone Robocall Abuse Criminal Enforcement and Deterrence (TRACED) Act into law on December 30, 2019. It gave the Federal Communications Commission (FCC) and law enforcement greater authority to work with carriers to prosecute telephone call scammers. The TRACED Act requires telecommunications service providers, such as Verizon, T-Mobile/Sprint, and AT&T, to implement a number-authentication system at no cost to consumers, to help network subscribers identify callers.

20. In response to the passage of the TRACED Act, the FCC adopted a Report and Order on March 31, 2020 mandating that originating and terminating phone companies implement STIR/SHAKEN in the IP (internet protocol) portions of their networks by June 30, 2021. The FCC adopted a Second Report and Order on September 29, 2020 that further implemented STIR/SHAKEN and protected consumers against malicious caller ID spoofing. The FCC submitted its required STIR/SHAKEN Implementation Report to Congress on December 29, 2020 announcing that the largest voice service providers are using STIR/SHAKEN caller ID authentication standards in their IP networks. The Commission launched the Robocall Mitigation Database in April 2021, a government-run database through which phone companies must file reports regarding their STIR/SHAKEN implementation and robocall mitigation efforts.

21. Telecommunications companies implement the STIR/SHAKEN framework pursuant to FCC rules. AT&T's government-mandated efforts to address the robocalling issue

promote the FCC's interests of minimizing potential fraud to consumers over federally regulated telecommunications systems by protecting access to personal information and funds, as well as preventing fraudulent activities such as spoofing credit card validation services or coercing victims into sharing their financial information. AT&T's receives no revenue from its caller authentication services and there is no charge to AT&T customers.  Furthermore, the government mandates that AT&T file reports in the government-run Robocall Mitigation Database confirming its implementation of the STIR/SHAKEN protocol.  The robocall issue was of interest to the U.S. Government and prompting the FCC to take action and outline regulations that aided in the development and implementation of caller ID authentication technology that resulted in the STIR/SHAKEN framework.

22.	In light of the above directives and mandate from the government, the alleged infringing activity are for the benefit of the government and with its consent.

## NINTH DEFENSE
## (Lack of Standing)

23.	To the extent the inventor had an obligation to assign the Patent-in-Suit to a third party and RightQuestion is not the proper and actual owner of the Patents-In-Suit, it lacks standing to bring the present action.

## RESERVATION OF DEFENSES

AT&T hereby reserves the right to supplement defenses as discovery proceeds in this case.

## DEMAND FOR JURY TRIAL

AT&T respectfully demands a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, AT&T prays for judgment as follows:

a.	A judgment dismissing Plaintiff's Complaint with prejudice;

     b.     A judgment in favor of AT&T on all of its Defenses;

     c.     A judgment that AT&T has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Patents-in-Suit;

     d.     A judgment that the Patents-in-Suit are invalid;

     e.     A judgment that the Patents-in-Suit are unenforceable;

     f.     An award to AT&T of its fees and expenses of litigation;

     g.     A judgment limiting or barring Plaintiff's ability to enforce the Patents-in-Suit in equity;

     h.     Such other and further relief as this Court may deem just and proper.

Dated:  April 19, 2024

Respectfully submitted,

/s/ *Matthew S. Yungwirth*
Deron R Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone:  (903) 705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Glenn D. Richeson
gdricheson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
Telephone:  404.253.6900
Facsimile:  404.253.6901

*Counsel for AT&T Corp., AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services, Inc.*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 19, 2024.

                                                      */s/ Matthew S. Yungwirth*
                                                      Matthew S. Yungwirth
                                                      msyungwirth@duanemorris.com
                                                      **DUANE MORRIS LLP**
                                                      1075 Peachtree Street NE
                                                      Suite 1700
                                                      Atlanta, Georgia 30309
                                                     Telephone: 404.253.6900
                                                     Facsimile: 404.253.6901